SÁNCHEZ, PETITIONER AND APPELLANT, *v.* AVILÉS, CONTESTANT AND APPELLEE.

APPEAL from the District Court of San Juan in Proceedings for Administration.

No. 2322.—Decided July 9, 1921.

ADMINISTRATION—PLEADING.—A petition for the administration of the estate of a decedent wherein it is alleged "that the petitioner has a claim against the property of the deceased" does not show a cause of action under a statute providing that "any unsecured creditor with written title, having a claim against the decedent, may, on a proper petition duly showing therein the necessary facts, apply for a judicial administration of the property of said decedent" and prescribing that the petition shall set forth, among other requisites, "the interest and cause of action of the petitioner."

The facts are stated in the opinion.

*Mr. V. M. Fernández* for the appellant.

*Mr. B. Guerra* for the appellee.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

Pío Sánchez Martín appeals from an order terminating a judicial administration and assigns as error—

"1. The court erred in dissolving a judicial administration prosecuted under section 23 of the law of special legal proceedings.

"2. The court erred in applying to this case section 25 of the law, which has no relation to the same."

Rafael Avilés, who sought and obtained the order complained of, in reply submits that the original petition for a judicial administration does not state facts sufficient to constitute a cause of action.

The pleading in question alleged "that petitioner has a claim (*crédito*) against the property of the deceased." The law says that "any unsecured creditor with written title, having a claim against the decedent, may, on a proper petition duly showing therein the necessary facts, apply for a judicial administration of the property of said decedent." The petition must show, among other things, "the interest and cause of action of the petitioner." Obviously, a claim against the property of a decedent is not necessarily an unsecured claim against the decedent.

The appellant says that a certain unsecured claim was introduced in evidence, but the record does not show this. No such document seems to have been attached to the complaint, nor is any exhibit referred to therein. Following the return of the summons, a promissory note and some other documents are copied into the record, and the order of the court mentions a hearing and evidence adduced, but there is nothing whatever in the record to identify the note as having been introduced in evidence. In any event, the minors represented by Avilés seem to have appeared in the proceedings for the first time after the decree opening the administration, the naming of an administrator, qualification by him and is-

suance of letters. Indeed, the appellant admits in his brief that as to such minors the proceedings were by default. The statutory requirements as to what the petition must show are few, simple and easily complied with, and if disregarded by attorneys with the sanction of the court, would soon become a dead letter.

Somewhat similar questions were considered and disposed of in the cases of *Sabater* v. *Escudero,* 23 P. R. R. 794, and *Rivera* v. *Cámara,* 17 P. R. R. 503.

The judgment appealed from must be

*Affirmed.*

Chief Justice Hernández and Justices Wolf, Del Toro and Aldrey concurred.